UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TOWANIA L SPENCER,<br>　　　Plaintiff<br><br>　　v.<br><br>OLD WORLD INDUSTRIES,<br>　　　Defendant | No. 25 CV 9437<br><br>Judge Jeremy C. Daniel |

### ORDER

The defendant's motion to dismiss [21] is granted. Any amended complaint is due on or before March 23, 2026. The plaintiff's motions for leave to file out of time [32] and for an extension of time [36] are granted. The plaintiff's motions to withdraw jury demand [33] and for remote hearing [34] are denied without prejudice as moot. The plaintiff's motion for leave to file under seal [35] is granted.

### STATEMENT

**Background and Legal Standard**

This case is before the Court on Defendant Old World Industries' (OWI) motion to dismiss Plaintiff Towania Spencer's complaint for failure to state a claim. Fed. R. Civ. P. 12(b)(6). (R. 21.) The following description of events underlying these claims is drawn from the complaint and presumed true for the purpose of resolving this motion. *Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011). In July 2023, the plaintiff was placed on medical leave. (R. 1 at 7.)[1] In September 2023, she was cleared to return to work with accommodations for mental and physical conditions and a reduced work schedule through November 2023. (*Id.*) In October 2023, her medical providers recommended that her medical leave continue. (*Id.*) The plaintiff and the defendant exchanged emails regarding coverage from Guardian Life, the plaintiff's long-term disability provider; after some confusion on the coverage and the plaintiff's return-to-work date, the defendant terminated the plaintiff in December 2023. (*Id.*) Attached to the complaint is a number of emails between the plaintiff and senior human resources managers at OWI. (*See generally* R. 1.)

---

[1] For ECF filings, the Court cites to the page number(s) in the document's ECF header unless citing to a particular paragraph or other page designation is more appropriate.

A Rule 12(b)(6) motion tests whether the plaintiff has provided "enough factual information to state a claim to relief that is plausible on its face and has raised a right to relief above the speculative level." *Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 333 (7th Cir. 2018) (citing *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014)). In deciding a Rule 12(b)(6) motion, the Court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in favor of the non-moving party. *Lax v. Mayorkas*, 20 F.4th 1178, 1181 (7th Cir. 2021). Dismissal is proper where "the allegations . . . , however true, could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

**Analysis**

The defendant argues that the plaintiff has failed to state a claim for disability discrimination, failure to accommodate, and harassment under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, *et seq*. (*See generally* R. 21.)

A note first, however, on the complaint. A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. Under Federal Rule of Civil Procedure 10(c), "[a] copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes." The plaintiff filed using a form complaint provided by the Clerk's Office. (R. 1 at 1–6.) She appended a one-page narrative, (R. 1 at 7), and fifty-three pages of emails and instant messages, (R. 1 at 8–60), to this form. Those communications include correspondence on topics not addressed in the form complaint or the narrative.

Reading the complaint in its entirety, the Court finds that the plaintiff has failed to comply with Rule 8. While the narrative provides some factual allegations, the emails create more questions than the narrative can answer. Merely attaching a number of communications to a complaint without explanation does not constitute a "short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2); *see United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003); *Pearson v. Gesner*, 125 F.4th 400, 406–07 (2d Cir. 2025).[2]

---

[2] Other district courts have, persuasively, held the same. *See Craig v. Conn. Dep't of Mental Health & Addiction Servs.*, No. 3:16-CV-2100 (JCH), 2017 WL 5892193, at *7 n. 7 (D. Conn. Nov. 28, 2017) ("While exhibits may supplement facts plead in a complaint, the plaintiff cannot refer the court to exhibits as a substitute for following Rule 8's requirement to state claims with sufficient clarity that the defense, and the court, have notice of what is being plead and can assess the merits of the complaint."); *see also Eaves v. Castro*, No. 1:09-cv-01647-SKO PC, 2010 WL 2817069, at *3 (E.D. Cal. Jul. 16, 2010) ("Attaching a large number of exhibits to a complaint will result in the complaint being dismissed for failure to comply with Federal Rule of Civil Procedure 8, as it will render the complaint to be neither a 'short' nor 'plain' statement of Plaintiff's claims.").

When evaluating the narrative statement, the Court agrees with the defendant and finds that the plaintiff has failed to state a claim. "The elements of a disability discrimination claim require the plaintiff to allege that [s]he was (1) disabled within the meaning of the ADA; (2) was qualified to perform h[er] job; and (3) suffered an adverse employment action because of h[er] disability." *Torzewski v. COSCO Shipping Lines N. Am. Inc.*, 414 F. Supp. 3d 1143, 1150 (N.D. Ill. 2019) (citing *Bunn v. Khoury Enter., Inc.*, 753 F.3d 676, 683 (7th Cir. 2014)).

First, the plaintiff fails to identify her disability. "Disability is defined as '(A) a physical or mental impairment that substantially limits one or more major life activities of [the] individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment.'" *Majors v. Gen. Elec. Co.*, 714 F.3d 527, 533 (7th Cir. 2013) (citing 42 U.S.C. § 12102(1)). The plaintiff simply makes reference to "ongoing mental and physical conditions." (R. 1 at 7.) This does not suffice to identify the disability. Second, she also does not allege sufficient facts indicating that she is a qualified individual. "To determine whether someone is a qualified individual with a disability, . . . we must consider 'whether or not the individual can perform the essential functions of the position held or desired, with or without reasonable accommodation.'" *Basith v. Cook County*, 241 F.3d 919, 927 (7th Cir. 2001) (citing *Bombard v. Fort Wayne Newspapers, Inc.*, 92 F.3d 560, 563 (7th Cir. 1996)). She alleges only that her medical provider reinstated her medical leave but did not provide a timeline for her return, essentially pleading herself out of her ADA claim because she does not assert that she is able perform the essential functions of her job. Based on the fact that she did not return to work for at least two months, the Court finds that the plaintiff has not alleged she is a qualified individual. *See Byrne v. Avon Prods., Inc.*, 328 F.3d 379, 381 (7th Cir. 2003) ("Inability to work for a multi-month period removes a person from the class protected by the ADA.").

"To adequately state a failure-to-accommodate claim, an individual must allege that (1) he is a qualified individual with a disability; (2) the employer was aware of the disability; and (3) the employer failed to reasonably accommodate the disability." *Torzewski*, 414 F. Supp. 3d at 1149 (citing *Brumfield v. City of Chicago*, 735 F.3d 619, 631 (7th Cir. 2013)). For the same reasons listed above, the plaintiff fails to state a claim for failure to accommodate.

To plead a hostile work environment claim under the ADA, a plaintiff must allege that: "(1) [she] was subject to unwelcome harassment; (2) the harassment was based on disability ...; (3) the harassment was sufficiently severe or pervasive, both subjectively and objectively, so as to alter the conditions of [her] employment and create a hostile or abusive atmosphere; and (4) there is a basis for employer liability." *Brooks v. Avancez*, 39 F.4th 424, 441 (7th Cir. 2022). The plaintiff's allegations include being "subjected to instant messages, private calls, and Teams meetings where [her] inability to work 37.5 hours was repeatedly scrutinized." (R. 1 at 7.) She

does not, however, allege how these communications were severe or pervasive, nor does she plead that the communications created an abusive or hostile environment. The Court thus finds that the plaintiff has failed to state a claim for ADA harassment.

Date: March 2, 2026

                                                JEREMY C. DANIEL
                                                United States District Judge